Supreme Court—General Term—First Department.

May, 1885.

PEOPLE v. PLATT.

ABDUCTION—EVIDENCE—CORROBORATION.

To constitute the crime of abduction (*Penal Code*, § 282), a physical force exerted by defendant is not necessary. The taking may be by influence, persuasion or inducement.

The jury have the right to determine the age of the female alleged to have been abducted, by personal inspection, and by her general appearance, in connection with other competent evidence.

The abducted female having testified that the house of defendant was a house of prostitution, a witness testified that such was the character of the house both while the female was in it and a month after she had left it. *Held*, that such evidence was competent as showing the character of the house to have been such as was testified to by the female.

The female was, by the indictment, alleged to have been taken " for the purposes of prostitution." The judge in charging the jury used the words " sexual intercourse " as that purpose, instead of " prostitution." *Held*, not error, in the absence of a specific objection, to define an offense in other and equivalent words, and for the further reason that the evidence had fully shown that defendant had induced the female to enter a house of ill-fame for the purposes of prostitution.

Evidence showing that the female was at defendant's house of prostitution for the purpose of following the occupation of a prostitute, with the consent and approval of defendant, who attempted to conceal the fact that she was there, is sufficient corroboration, under Penal Code, § 283, of the evidence of the female as to how she was induced by defendant to go into said house and remain there.

APPEAL by defendant August Platt (or Plath) from a judgment of the court of General Sessions of New York, of March 2, 1885, Hon. FREDERICK SMYTH, presiding, convicting defendant of abduction, under section 282, subd. 1, of the Penal Code.

The indictment, filed November 17, 1884, contained but

one count, charging that defendant on July 20, 1884, " with force and arms, feloniously did take one Katie Cavanagh, for the purpose of prostitution ; she, the said Katie Cavanagh, being then and there female under the age of sixteen years, to wit, of the age of fifteen years, against the form of the statute in such case made and provided," &c.

After the conviction of defendant a motion for a stay of execution was made before Mr. Justice VAN BRUNT, and was by him denied, for reasons stated in an elaborate opinion fully considering the evidence (see *ante*, p. 117), unless defendant would stipulate not to apply for bail before the hearing of the appeal, to which defendant agreed.

In July, 1884, last, the defendant was the proprietor of a dance hall or concert saloon, at No. 141 Chatham street, in the city of New York. It was a resort of abandoned women and men. The first floor was a saloon, where women sat, enticing frequenters to wine and lust. Up-stairs were bunks three tiers high, to which they and their paramours resorted.

To this place, in the latter part of July, came Kate Cavanagh, a little girl under sixteen years of age, in company with another girl, Mary Crosby. She had left her home, in Newark, on that day, without her mother's knowledge or consent, and had come to the city of New York. Going up to the place, she asked how much it was to see the entertainment, to which the defendant replied: "Nothing, my little dear, come in." Having entered the place the defendant treated the two girls to soda-water, and asked them whether they were going to stay there. Mary Crosby said no, and Kate Cavanagh said yes. He then took them both up-stairs, and showing Kate a dress, asked her if she wanted to put it on. And then in the same room he had intercourse with both of them. The girl then became an inmate of the house. That night she slept there with her companion, and the next day joined the seven or eight other women who lived in the house. The defendant, two or three days after, bought her a new dress. Thereafter, in the defendant's presence, she went up-stairs at different times with other men, who had connection with her, and paid her one dollar, which she gave to Platt. She remained there until near the end of August, when the officers of the Society

for the Prevention of Cruelty to Children pursuing her, she was sent to the brother of the defendant's in Cherry street; but she was finally rescued by that society.

A female physician, who examined the girl, found that while the hymen had been entirely destroyed, no complete sexual intercourse with her had ever been had. The girl was so immature and the genital organs so undeveloped that a complete connection was impossible.

Two officers of the society who visited No. 141 Chatham street on August 29, saw the girl there. On going in they walked up to the bar and asked for the proprietor. Platt was pointed out to them, and being asked, said he was the proprietor. They asked him for the girl, but he denied knowing any girl of that name. Among a group of prostitutes and drunken men the officers saw the girl, and asked her if she was Kate Cavanagh from Newark, New Jersey. She also replied no ; and the officers turned to look among the others. On second thought they turned around for her again, but she had disappeared.

The age of the girl was proved to be about fifteen by the evidence of the girl herself and her mother.

No evidence was introduced by the defendant.

*Howe & Hummel*, for defendant, appellant.—I. There was no evidence to support the testimony of the female alleged to have been abducted. Until the enactment of the Penal Code, no evidence was required to support that of a female who complained of having been abducted, but a conviction was allowed if the jury believed the defendant guilty. There being no precedent in this state on this point, the decisions on the provisions of the Code of Criminal Procedure, section 399, which prohibit a conviction on the testimony of an accomplice, unsupported by other testimony, are applicable to section 283 of the Penal Code, on the question of what is corroboration in support of the testimony of an abducted female. There was no evidence at all to support the testimony of the "abducted female" in any respect ; and, therefore, under section 283 of the Penal Code, and the authorities we now cite, the conviction was improper. People v. Courtney, 1 *N. Y. Crim.* 64 ; People

*v.* Williams, 1 *N. Y. Crim.* 336 ; Ormsby *v.* People, 53 *N. Y.* 474. On this point Mr. Justice VAN BRUNT, in his opinion on granting a stay of proceedings, said : " The false denials of the defendant to the officers are strong corroborations of a criminal intent on the part of the defendant in the keeping of the girl. The evidence of the officers shows that the girl was at the defendant's place with his knowledge, and that it was a house of prostitution. From these facts, the jury might well infer, entirely independent of the girl's testimony, that the defendant was keeping her there for the purposes of prostitution. The evidence of the mother and the officers then showed, independent of that of the girl herself, that she was under sixteen years of age, and was being kept by the defendant for the purposes of prostitution. This was evidence of the material facts, leading to the inference not only that the crime had been committed, but that the defendant was implicated in it." Our answer to this is: The premises on which Mr. Justice VAN BRUNT comes to this conclusion are wrong. The evidence of the officers did not show that the girl was at the defendant's place with his knowledge, nor did they testify that the place in which the girl then was, was a house of prostitution. Officer Wilson said : " I asked him if he was the proprietor, and he said ' Yes.' Wilson was talking to him about Kate Cavanagh ; meantime I saw a girl rather young for the place. I walked up to her and asked her if her name was not Kate Cavanagh, and if she had not come from Newark ? Platt denied knowing any girl by that name, or any girl from Newark."

Officer Stocking said nothing other than was testified to by Wilson. Where, then, is there any false denial by Platt, to the officers ? Because Platt said he knew no girl by the name of Cavanagh, or any girl from Newark, is it to be said that this was a false denial by Platt, to the officers ? Again, when the officers first saw the girl she was in a concert saloon. Mr. Justice VAN BRUNT holds it to be a " false denial," because Platt said he knew no girl from Newark by the name of Cavanagh, when there was no evidence in the case that he did know such a girl, and, therefore, a strong corroboration of the girl's story, that she had been taken there by the defendant to a room and there the defendant had intercourse with her.

But the theory on which this case was left to the jury, was that the taking of the girl up-stairs to the room, by the defendant, and his having intercourse there with her, constituted the offense; not the fact of the girl having been in the defendant's saloon. Conroy *v.* People, 1 *N. Y. Crim. Rep.* 565; Home Ins. Co. *v.* Western Trans. Co., 51 *N. Y.* 93; Stapenhorst *v.* Wolff, 65 *N. Y.* 596.

II. The court erred in the admission of evidence. The witness, officer Stocking, was permitted to testify that on August 20, 1884 (more than a month after the alleged abduction) he went to the defendant's place and there saw two women drinking, one fighting, and had some trouble with the bartender. She called him names. He came twice from the bar and slapped her face. She continued to abuse the barkeeper and he came and put her out.

Motion was made that this evidence be stricken out. Motion was denied and exception taken.

The court permitted the same officer to prove that the defendant kept a disorderly house on September 17, 1884, two months after the abduction charged in indictment, and one month after the girl was seen by the officer in defendant's place. The objections to the admission of this evidence are: 1. It was entirely immaterial what took place in the defendant's house a month or two months after the alleged abduction. 2. This evidence tended to prove that the defendant was guilty of an offense different from the one for which he was on trial, to wit: that of keeping a disorderly house. People *v.* Gibbs, 1 *N. Y. Crim.* 472; Copperman *v.* People, 56 *N. Y.* 593; Coleman *v.* People, 58 *N. Y.* 555; Rosenzweig *v.* People, 6 *Lans.* 462; Stokes *v.* People, 53 *N. Y.* 164; Boland *v.* People, 19 *Hun*, 80; People *v.* Ware, 1 *N. Y. Crim.* 166; aff'd, 92 *N. Y.* 653.

Mr. Justice VAN BRUNT said that the motion to strike out was too broad, as it included the striking out of other evidence. The answer to this is that no motion, objection or exception was necessary. People *v.* Williams, *supra.*

III. There was no taking as contemplated by statute. The evidence in this case showed a young girl who had been arrested in Jersey City while in the act of sexual intercourse in a public

place—came to this city and voluntarily enters a house of prostitution, knowing it to be such, and there, according to her own story, without any inducement whatever being held out to her, has intercourse with a man. In order to show a "taking" as contemplated by the statute, force and inducements must be held out, and where there is no evidence to show either of these, but, on the contrary, that the female voluntarily of her own accord, goes to the house and submits to intercourse with a man, no "taking" whatever is shown. Beyer *v.* People, 86 *N. Y.* 369.

IV. Error was committed in charging the jury. The learned recorder charged as follows: "It is immaterial for which of these prohibited purposes she was taken. If she was, at the time of the taking, under the age of sixteen years, and was feloniously taken for the purposes of prostitution or of sexual intercourse, the person who does so, violates the provisions of the statute, and is guilty of the crime of abduction. There are two questions in this case which you are called upon to determine: Did the defendant take the girl Kate Cavanagh for the purpose of prostitution or sexual intercourse? If you determine this question in the affirmative, the next question for you to determine will be: 'Was she at the time she was so taken a female under the age of sixteen years?' If you find both of these questions in the affirmative, you will convict the defendant."

The court further charged on this point: "The first question for your determination I repeat, is this: Did this defendant take the girl Kate Cavanagh for the purpose of prostitution or sexual intercourse? If you determine that in the affirmative, the next question will be: 'Was she at the time she was so taken, a female under the age of sixteen years?' If you find both questions in the affirmative, it will be your duty to convict the defendant of the crime charged in the indictment."

The statute, Penal Code, section 282, is as follows: "Abduction. A person who: 1. Takes a female under the age of sixteen years for the purpose of prostitution or sexual intercourse, or without the consent of her father, mother, guardian or other person having legal charge of her person for the purpose of marriage; or, 2 . . ."

The indictment contained only one count, and that charged

the defendant with taking the girl Kate Cavanagh for the purpose of prostitution. There was no charge that the defendant took the girl for the purpose of sexual intercourse; the only charge was that he took her for the purpose of prostitution. A perusal of the charge will show that the only question actually submitted for the jury's consideration was, whether the defendant took the complainant for sexual intercourse. This defendant was, therefore, indicted for one crime and convicted of a different one. To take a girl for prostitution is to take her for indiscriminate sexual intercourse. Carpenter *v.* People, 8 *Barb.* 603 ; People *v.* Parshall, 6 *Park.* 129.

That the jury had no right to convict the prisoner of the crime charged in the indictment, because they determined that he had committed another and distinct offense, is too plain to require argument. Murphy *v.* People, 3 *Hun,* 102 ; 6 *T. & C.* 369. Mr. Justice VAN BRUNT, in his opinion, admits that this was error, but he says : " This is claimed to be error because the only offense charged in the indictment was ' taking for the purpose of prostitution.' There, however, was no exception to this branch of the charge, and the attention of the learned recorder was not called to the fact that there was only one count in the indictment."

This reasoning seems to be fallacious. 1. Because an exception is unnecessary, People *v.* McCann, 16 *N. Y.* 58 ; Wilke *v.* People, 53 *N. Y.* 525.; Levy *v.* People, 80 *N. Y.* 327 ; People *v.* Williams, *supra ; Code Crim. Proc.* § 527. 2. Because in no case is it incumbent on counsel for defendant to call the court's attention to the offense for which the prisoner was on trial. The court is presumed to examine the indictment and to present the issue raised by the defendant's plea of " not guilty " to the jury for their determination.

*Randolph B. Martine,* district-attorney (*De Lancey Nicoll,* assistant), for the people, respondents.

DANIELS, J.—The conviction took place under subdivision 1 of section 282 of the Penal Code, by which it has been provided, that, " a person who takes a female under the age of

sixteen years, without the consent of her father, mother, guardian, or other person, having legal charge of her person, for the purpose of marriage, prostitution, or sexual intercourse, is guilty of the crime of abduction."

The evidence showed that the defendant was the proprietor of 141 Chatham street, which was in part maintained as a house of prostitution. The complaining witness went to this house in the latter part of July, 1884, and remained there to near the end of August.

She approached the place with a companion, and as she went inside she inquired of the defendant, how much it was to see the entertainment. He replied, " Nothing, my little dear, come in." She then went into the place, and he treated them both to soda-water, and asked if they were going to stay. The other girl said " no," but the complaining witness said " yes," and then the defendant took them up-stairs. They went into a room where he showed them a dress, which he asked the witness if she wanted to put on, and both herself and her companion answered " no." They were with him in the room about twenty minutes, and during that time, her evidence is that he had connection with both of them. She remained in the place having sexual intercourse with persons visiting it as long as she was there.

It has been urged that what was said by the defendant to the prosecuting witness did not prove that he took her into his place. But the statute does not require a manual, or forcible, taking to create the crime. It is sufficient for that purpose that she may have entered his place and remained there at his solicitation and by his influence.

This subject has been repeatedly examined in cases arising under a statute enacted in this respect, in the same language as is contained in this provision of the Penal Code, in England, and it has there been held that a taking by physical force is not necessary, but it is sufficient if such moral force is used as to create a willingness on the girl's part to enter into and remain an inmate of the defendant's house. Regina v. Handley, 1 *Foster & Fin.* 648.

The same point was examined in preceding cases which repeatedly held, that any persuasion or inducement controlling

the action of the person designed to be protected would be sufficient to bring the case within the language of the act. Queen v. Biswell, 2 *Cox*, 279 ; Regina v. Manktelon, 6 *Cox*, 143 ; Regina v. Kipps, 4 *Cox*, 167 ; Regina v. Baillie, 8 *Cox*, 238 ; Regina v. Olifier, 10 *Cox*, 402.

Under this construction of the law, what the defendant said to the complaining witness was sufficient to sustain the conclusion of the jury, that he did take her into his house; and that she was kept there, as the indictment has charged, for the purpose of prostitution, was equally as clear under the evidence given upon the trial.

In the submission of the case to the jury the learned recorder followed this view of the statute, holding that persuasion, or inducement, on the part of the defendant, was sufficient to bring the case within its provisions, and whether this influence or inducement was exercised by him was left to be determined as a question of fact by them. It was not necessary, therefore, that he should have repeated what was said upon this subject to the jury in answer to the requests made on behalf of the defendant, which in substance applied for such a repetition. The first and third requests therefore were properly denied, for the reason that they had been included in the charge as it was given to the jury. The evidence of the girl and her mother was positive that she was under the age of sixteen years at the time she went to, and while she remained at the defendant's place; and the jury could well take into consideration the appearance of the girl herself, as a fact having some bearing upon the probable accuracy of this testimony.

The last request was properly denied, for the reason that it asked the court to hold that the defendant did not take the girl to his place for the purpose of prostitution. The evidence tended to show the contrary, and it was for the jury to determine whether it so far established the fact as to render it their duty to regard it as proved in the case. They adopted that view, and it cannot be said that the evidence was deficient in any respect in supporting it. There was no error in receiving proof of the business of this house as it was stated to be during the latter part of the month of August and in the following month of September, for it tended to exhibit its con-

dition to be the same as that which had been described in the evidence of the complaining witness herself, which on this subject met with no contradiction whatever in the case.

The house was undoubtedly, from the facts stated by her, a house of prostitution, and she was detained there as one of its inmates in this business. No more than that was shown upon the subsequent occurrences mentioned by the witness, whose evidence, to some extent at least, tended to confirm the statements of the principal witness.

No injury could have resulted to the defendant by the reference to the additional circumstance that the girl was kept at this house for the purpose of sexual intercourse. The term was used in the submission of the case to the jury, as the equivalent of the preceding phrase " prostitution."

They were used as words of equal import, and were probably so understood by the jury. If any misapprehension could have arisen concerning their use, the attention of the court should have been called to this fact at the time, when a corrective by way of further explanation would readily have been added. As the evidence was given, its direct tendency was to show that the defendant maintained a house of prostitution at this place, and that this girl was induced by him to enter it and to remain as one of its inmates for purposes of prostitution; and no harm whatever could have resulted to him in the disposition of the case from the further allusions made by the recorder to this business by the use of different but equivalent terms.

There was evidence in the case tending to corroborate the testimony of this girl. That evidence shows that she was at the house, with the consent and approval of the defendant, who endeavored to conceal the fact afterwards that she was there detained, and that she was there with his approval to follow the occupation of a prostitute. This testimony had a direct tendency to prove that her statement concerning the manner in which she had been induced to go into the house and remain there was entitled to credit.

Sufficient was shown certainly to submit the question to the jury under the provision of the Code requiring that some corroborative evidence should be given to sustain her testimony

indicating the commission of the crime by the violation of this section of the Penal Code.

No legal ground has been found in the case for interfering with the result reached by the jury, and the judgment should be affirmed.

DAVIS, P. J., and BRADY, J., concur.